United States District Court
Southern District of Texas
**ENTERED**
October 13, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Jose Jaramillo Garcia, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-7428 |
| | § | |
| Randy Tate, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

**ORDER OF DISMISSAL**

Before the Court is Jose Jaramillo Garcia's Petition for a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. Doc. 1. Petitioner, a native and citizen of Mexico, *id.* ¶ 38, concedes that he illegally entered the United States in 1997, *id.* ¶ 39. In 2023, Petitioner was arrested and charged with misdemeanor driving while intoxicated. *Id.* ¶ 42. Following this arrest, Petitioner was taken into immigration custody and served with a Notice to Appear that charged him with removability as an alien present in the United States who had not been admitted or paroled. Docs. 1 ¶ 43; 4-2. Petitioner was subsequently released from immigration detention on bond. Docs. 1 ¶ 44; 4-3.

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1. Mr. Bradford ceased holding office while this action remained pending, so Gabriel Martinez is automatically substituted as a Respondent in this action in his official capacity as Acting Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

On June 4, 2026, Petitioner was ordered removed. Docs. 1 ¶ 45; 4-4 at 4. He appealed the removal order to the Board of Immigration Appeals on July 6, 2026, and his appeal remains pending. Docs. 1 ¶¶ 45–46; 4-5. On August 14, 2026, the Department of Homeland Security detained Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A), pending his removal proceedings. Doc. 1 ¶ 47. He remains in the custody of Respondent Warden of the Montgomery Processing Center in Conroe, Texas. Docs. 1 ¶ 1; 4-1 at 2. Petitioner filed this Petition asserting that his current detention violates (i) the Immigration and Nationality Act ("INA"); (ii) substantive due process; and (iii) procedural due process.[2] Doc. 1 ¶¶ 101–114.

When entertaining a petition for a writ of *habeas corpus*, a district court has three options: "forthwith award the writ;" "issue an order directing the respondent to show cause why the writ should not be granted;" or dismiss the petition as facially deficient. 28 U.S.C. § 2243. Under the third option, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing § 2254 Cases in the United States District Courts.[3]

---

[2] The Petition does not specify whether Petitioner argues his detention without a bond hearing violates substantive or procedural due process. *See* Doc. 1 ¶¶ 101–07. The Court thus assumes that Petitioner intends to raise due both due process challenges.

[3] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

On February 6, 2026, the Fifth Circuit held that aliens who were never lawfully admitted to the country remain "applicants for admission" to the United States under 8 U.S.C. § 1225(b)(2)(A) and therefore must be detained pending their removal proceedings. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026). This holding prevents illegal aliens from raising statutory challenges to pre-removal order detention and from claiming that DHS acted *ultra vires* when detaining them under that subsection.[4]

Moreover, since the Fifth Circuit decided *Buenrostro-Mendez*, this Court has resolved numerous novel challenges to detention under Section 1225. Relevant here, the Court has rejected the precise challenges raised by Petitioner in *Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026), where the Court held that detention under § 1225(b)(2)(A) does not violate (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Fourteenth Amendment's Equal Protection Clause; (v) the Administrative Procedure Act; (vi) the Suspension Clause of Article I of the Constitution; or (vii) the *Accardi* Doctrine.

---

[4] On July 2, 2026, a Fifth Circuit panel issued another opinion addressing whether mandatory detention under § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Sosnava Rodriguez v. Ortega*, 180 F.4th 702 (5th Cir. July 2, 2026), *reh'g en banc granted and opinion vacated*, 181 F.4th 608 (5th Cir. 2026). Although the panel limited detention under § 1225(b)(2)(A) "for ninety days but no longer without a bond hearing," eight days later, the Fifth Circuit granted rehearing *en banc* and vacated the panel opinion. *Id.* at 728; *Sosnava Rodriguez v. Ortega*, 181 F.4th 608, 609 (5th Cir. 2026) (per curiam). Because the panel opinion has been vacated, it is "of no precedential value." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 468 (5th Cir. 2013).

Because Petitioner exclusively asserts grounds for relief that the Court previously rejected in the above-cited decision,[5] it plainly appears from the Petition that Petitioner is not entitled to the writ. Therefore, the Court "must dismiss the petition." *See* Rule 4, Rules Governing § 2254 Cases in the United States District Courts.

The Petition is DISMISSED WITH PREJUDICE. The Clerk shall deliver a copy of this Order to the United States Attorney for the Southern District of Texas by electronic mail at USATXS.CivilNotice@usdoj.gov to provide notice of this action to Respondents. The Clerk of Court is directed to CLOSE this case.

This is a FINAL JUDGMENT.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of October, 2026.

Nicholas J. Ganjei
United States District Judge

[5] To the extent Petitioner argues that his *re-detention* itself violates the Fifth Amendment's Due Process Clause, *see* Doc. 1 ¶ 107, this Court has previously concluded that DHS is not bound by the immigration enforcement actions and omissions of past administrations. *See Portillo de Marquez v. Mullin*, No. 4:26-cv-2073, at 3 (S.D. Tex. July 14, 2026).

Further, although Petitioner briefly asserts that his detention violates the Administrative Procedure Act ("APA"), *see* Doc. 1 ¶ 58(d), he does not plead an APA claim as an independent cause of action, *see* Doc. 1 ¶¶ 101–114. Even if Petitioner had included an APA claim among his causes of action, the Petition would remain subject to summary dismissal because the Court rejected such a claim in the above-cited decision.